**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nick Forino, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| One Call Now; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Nick Forino, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiff, Nick Forino ("Plaintiff"), is an adult individual residing in Reynoldsburg, Ohio, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      The Defendant, One Call Now ("One Call Now"), is a New York business entity with an address of 224 West 30th Street, Suite 500, New York, New York 10001, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Agents") are individual collectors employed by One Call Now and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.    One Call Now at all times acted by and through one or more of the Agents.

**<u>FACTS</u>**

7.    Over the last four years, One Call Now placed repeated phone calls to Plaintiff's cellular telephone, number 614-xxx-6947.

8.    At all times mentioned herein, One Call Now called Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9.    One Call Now left prerecorded messages for Plaintiff requesting a call back.

10.    Plaintiff did not provide his cellular telephone number to One Call Now and does not know how One Call Now acquired his telephone number.

11.    Plaintiff did not provide prior express consent to One Call Now to place calls to his cellular phone number.

12.    Moreover, on or about April 30, 2016, Plaintiff followed One Call Now's automated prompts and instructed it to remove his telephone number from One Call Now's call list.

13.    Despite the foregoing, One Call Now continued to place automated calls to Plaintiff's cellular telephone.

14.    On or about May 19, 2016, Plaintiff registered his telephone number with the National Do Not Call Registry.

15.    Nevertheless, One Call Now continued to place calls to Plaintiff's cellular telephone.

## COUNT I

## VIOLATIONS OF THE TCPA –47 U.S.C. § 227, *ET SEQ*.

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

18.     Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

19.     In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to Defendants to cease calling his cellular telephone.

20.     Defendants continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21.     The telephone number called by Defendants was and is assigned to a cellular telephone serviced for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22.     Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

23.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

25.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

A.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 14, 2016

                              Respectfully submitted,


                              By     */s/ Sergei Lemberg*
                              Sergei Lemberg, Esq. (SL 6331)
                              LEMBERG LAW, L.L.C.
                              43 Danbury Road, 3rd Floor
                              Wilton, CT 06897

4

Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff